U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

**Signed January 28, 2013**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MARK ANDREW NEYLAND, | § | Case No. 11-47027-DML-11 |
| | § | |
| Debtor. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### REGARDING CONFIRMATION OF PLAN OF REORGANIZATION

Came on to be considered on the 22nd day of January 2013, the confirmation hearing with regard to the *Plan of Reorganization* [Docket No. 48], filed by Mark Andrew Neyland (the "**Debtor**") on November 28, 2012. The following Findings of Fact and Conclusions of Law are entered pursuant to Federal Rules of Bankruptcy Procedure 9052 and 9014 in support of the Confirmation of the Plan. Such findings may be characterized as conclusions or conclusions as findings, where appropriate.

## FINDINGS OF FACT

1.     **Due and Sufficient Notice**.  Notice of the Confirmation Hearing was appropriate and complied in all respects with Bankruptcy Rule 2002(b).

2.     **Plan Compliance - Bankruptcy Code Section 1129(a)(1)**.  The Plan complies with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

3.     **Proponent Compliance - Bankruptcy Code Section 1129(a)(2)**.  The Debtor has complied with the applicable provisions of the Bankruptcy Code.

4.     **Good Faith - Bankruptcy Code Section 1129(a)(3)**.  The Plan has been proposed in good faith under Section 1129(a)(3) by the Debtor and not by any means forbidden by law and the Debtor is entitled to the protections of Section 1125(e).

5.     **Payments - Bankruptcy Code Section 1129(a)(4)**.  Payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Plan or case have been approved by or are subject to the approval of this Court.

6.     **Disclosures - Bankruptcy Code Section 1129(a)(5)**.  This is not applicable in this case.

7.     **No Rate Change Jurisdiction - Bankruptcy Code Section 1129(a)(6)**.  No governmentally regulated rates are involved in these cases.

8.     **Best Interests of Creditors - Bankruptcy Code Section 1129(a)(7)**.  With respect to the impaired classes of claims or interests, all holders of a claim or interest of such classes has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such

holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

9. **Acceptance of the Plan - Bankruptcy Code Section 1129(a)(8)**. The classes have voted to accept or reject the plan as follows:

   a. Class 1 is not impaired and is deemed to accept the Plan.

   b. Class 2 is impaired and voted to accept the Plan.

   c. Class 3 is impaired and did not vote on the Plan.

   d. Class 4 is impaired and voted to accept the Plan.

10. **Priority Claims - Bankruptcy Code Section 1129(a)(9)**. Claims entitled to priority under 11 U.S.C. § 507(a)(1)-(7) will be paid in accordance with Bankruptcy Code or as per the agreed to provisions of the Plan as between the Debtor and the IRS.

11. **Class Acceptance - Bankruptcy Code Section 1129(a)(10)**. At least one class of claims for the Debtor that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

12. **Feasibility - Bankruptcy Code Section 1129(a)(11)**. The Plan is feasible and confirmation of the Plan is not likely to be followed by the liquidation, or need for further financial reorganization of the Debtor except where liquidation is required by the Plan.

13. **Fees - Bankruptcy Code Section 1129(a)(12)**. All pre-confirmation fees payable under 28 U.S.C. § 1930 have been paid or the Plan provided for the payment of such fees on the Effective Date.

14. **Retiree Benefits - Bankruptcy Code Section 1129(a)(13)**. There are no retiree benefits involved in this case.

15. **Domestic Support - Bankruptcy Code Section 1129(a)(14)**. The requirements of this subsection have been met throughout the case and no change to Debtor's obligations are contained in the Plan.

16. **Individual Debtor – Bankruptcy Code Section 1129(a)(15).** No unsecured creditor objected to Debtor's Plan.

17. **Secured Creditor Cramdown Requirements – Bankruptcy Code Section 1129(b)(2)(A)**. The treatment provided to secured creditors under the Plan is fair and equitable and meets the cramdown requirements of Section 1129(b)(2)(A).

18. **Unsecured Creditor Cramdown Requirements – Bankruptcy Code Section 1129(b)(2)(B)**. Because the unsecured creditor classes (classes 2 and 4) accepted the Plan and Class 3 did not vote or object to the confirmation of the Plan, there are no cramdown issues in this case under Section 1129(b)(2)(B).

19. **Compromises of Controversies**. The compromises of controversies set forth in the Plan are reasonable and meet the applicable standards required by Rule 9019.

## CONCLUSIONS OF LAW

I. The Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A)-(L), and (O).

II. The Plan complies with all of the applicable provisions of Title 11 of the United States Bankruptcy Code.

III. The Debtor has complied with the applicable provisions of the Bankruptcy Code in proposing the Plan.

IV. These findings and conclusions supplement those made by the Court on the record at the conclusion of the confirmation hearing.

### # # # End of Order # # #

**Submitted by:**

E. P. Keiffer (SBN 11181700)
Shane A. Lynch (SBN 24065656)
WRIGHT GINSBERG BRUSILOW P.C.
325 N. St. Paul Street, Suite 4150
Dallas, Texas 75201
(214) 651-6500 - telephone
(214) 744-2615 - facsimile
Email: sbrown@wgblawfirm.com
Email: slynch@wgblawfirm.com

**COUNSEL FOR DEBTOR**